**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL D. RIESE,<br><br>    Plaintiff,<br><br>    v.<br><br>CHASE HOME FINANCE, LLC, et al.,<br><br>    Defendants. | No. C 11-03297 NJV<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT**<br><br>(Doc. No. 5) |

Before the Court is defendant JPMorgan Chase Bank, N.A.'s motion to dismiss the complaint filed by plaintiff Michael Riese. Doc. No. 5. Having heard oral argument and carefully considered the arguments of the parties and the papers submitted, and for good cause shown, the Court grants in part and denies in part Defendant's motion to dismiss.

### I. BACKGROUND

As appropriate on a motion to dismiss, all well-pleaded allegations in the complaint are assumed to be true.

Plaintiff Michael Riese ("Riese") alleges that he entered into a contract with defendant JPMorgan Chase Bank, N.A. ("JPMorgan") on July 24, 2010. Doc. No. 1, Ex. A (Compl.) at ¶ 5. Pursuant to the terms of that contract ("Loan #6960"), JPMorgan agreed to loan Riese $202,955, and apply $197,685.75 of that amount to pay off Riese's existing loan ("Loan #4680"). *Id.*, ¶ 6. Riese alleges that JPMorgan made Loan #6960, confirmed in writing the payoff of Loan #4680, sent Riese a monthly statement detailing his future monthly payments on Loan #6960, and then refused to take payment on Loan #6960, declaring it inactive. *Id.*, ¶¶ 7, 9.

When Riese did not make payments on Loan #4680 (the loan he believed had been paid off with the proceeds of Loan #6960), JPMorgan reported delinquent payments to credit agencies. *Id*., ¶ 10. Riese and his attorney contacted JPMorgan "numerous times" to request the lender correct its error, and JPMorgan confirmed that it notified credit agencies that Loan #4680 had been paid in full. *Id*., ¶¶ 11, 13. Despite confirming it had notified credit agencies that Loan #4680 had been paid in full, JPMorgan subsequently sent Riese a Notice of Default on Loan #4680 and began foreclosure proceedings on Riese's property. *Id*., ¶ 14.

The erroneous delinquency reports negatively impacted Riese's credit score and as a result he lost a loan that had been approved for a different property. *Id*., ¶ 10. JPMorgan's rescission of Loan #6960 caused Riese to lose the benefit of his new bargain and to pay the less-advantageous terms set out by his old bargain (Loan #4680). *Id*., ¶ 18. Riese does not allege that he continued to tender payment on Loan #6960 or that he made payments on Loan #4680 after JPMorgan informed him that it had rescinded Loan #6960.

Based on these facts, Riese attempts to state claims for breach of contract, injunctive relief, violation of California's Consumer Credit Reporting Agencies Act (Cal. Civ. Code § 1785.25), specific performance, intentional infliction of emotional distress, violation of the federal Fair Credit Reporting Act (15 U.S.C. § 1681), and violation of the federal Fair Debt Collections Practices Act (15 U.S.C. § 1692).

The Court heard oral argument on September 13, 2011.

## II. JURISDICTION

The complaint alleges claims under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, and the federal Fair Debt Collections Practices Act , 15 U.S.C. § 1692, *et seq*. Defendants thus removed the case to this Court pursuant to 28 U.S.C. § 1441(b), as a case over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. Doc. No. 1 at 2. Defendants also invoked jurisdiction under 28 U.S.C. § 1332(a)(2) and removal under 28 U.S.C. § 1441(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id*. All parties consent to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c).

### III. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The plausibility standard requires a complaint to plead more than "facts that are 'merely consistent with' a defendant's liability." *Id*.

Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555. Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court need not accept conclusory allegations as true. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court also may disregard allegations in the complaint that are contradicted by documents that are attached to the complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

3

## IV.  DISCUSSION

**A.     Riese States A Claim For Breach Of Contract.**

JPMorgan argues Riese's claim for breach of a written contract should be dismissed because he fails to attach the contract or to plead the terms of the contract verbatim. Doc. No. 5 at 2. While this may be required in California state courts, federal procedural law governs in this Court, not state law. *See Kassa v. BP West Coast Products, LLC*, 2008 U.S. Dist. LEXIS 61668, *10 (N.D. Cal. Aug. 12, 2008). Riese meets the pleading standards of Federal Rule of Civil Procedure 8 by setting out the terms of Loan #6960 with sufficient specificity to give JPMorgan notice of the contract Riese alleged was breached. *See* Compl., ¶¶ 9, 18; *see also id.*, Ex. A (Final Settlement Statement), Ex. D (Mortgage Loan Statement for Loan # 6960). Riese also has alleged damages resulting from the breach: both a "substantial drop in his credit score" that caused him to lose a loan he already had secured for another property, and the loss of the more favorable terms of Loan #6960. Compl., ¶¶ 10, 18. At the hearing, JPMorgan seemed to argue these damages allegations should be disregarded because Riese did not plead them specifically as part of his breach of contract claim. Even if this argument had legal merit, paragraph 18 is part of the breach of contract claim, and Riese incorporates paragraph 10 of his Complaint by reference in his breach of contract claim (Compl. ¶ 16). Finally, JPMorgan inexplicably argues that Exhibit D to the Complaint shows that Loan #6960 "was never funded." Doc. No. 5 at 3. On the contrary, Exhibit D to the Complaint is a mortgage loan statement bearing the Chase logo, addressed to Riese, for Loan #6960 showing a Principal Balance of $202,590. The document states "Welcome to your monthly mortgage statement. The statement design provides detailed information about your loan in an easy to read and convenient format." *Id.* The Substitution of Trustee and Deed of Reconveyance of which JPMorgan asks the Court to take judicial notice[1] (Doc. No. 6, Ex. 4) shows that Chase recorded a deed of reconveyance, but it does not show that the deed was reconveyed because Loan #6960 was never funded. Similarly, while Chase returned Riese's payment towards Loan #6960 by declaring the loan was

---

[1] JPMorgan's Request for Judicial Notice does not explain how the documents meet the requirements of Federal Rule of Evidence 201. However, because Riese does not oppose JPMorgan's Request for Judicial Notice and because these documents are all a matter of public record, the Request for Judicial Notice is granted. *See* Fed. R. Civ. P. 201(b).

4

inactive (Compl., Ex. E), that exhibit does not support JPMorgan's argument that the loan was never funded. JPMorgan's motion to dismiss Riese's claim for breach of contract is denied.

### B.     Riese Fails To State A Claim For Injunctive Relief Or Specific Performance.

Riese's claim for injunctive relief fails because injunctive relief is a remedy, not a separate claim. *See Milyakov v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 99152, *7 (N.D. Cal. Sept. 2, 2011); *Hague v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 84695, *7 (N.D. Cal. Aug. 2, 2011). Riese's claim for specific performance fails for the same reason. *Harara v. ConocoPhillips Co.*, 377 F. Supp. 2d 779, 796 n.20 (N.D. Cal. 2005) ("Specific performance is a form of contractual relief, not an independent claim"). Plaintiff may seek injunctive relief and specific performance in his Prayer for Relief, but JPMorgan's motion to dismiss these types of relief as separate claims is granted, with prejudice.

### C.     Riese States A Claim For Violation Of California's Consumer Credit Reporting Agencies Act.

To prevail on his claim for violation of California's Consumer Credit Reporting Agencies Act ("CCRAA"), Riese must show that JPMorgan reported credit information that JPMorgan knew or should have known was incomplete or inaccurate, and that Riese was harmed as a result of that report. *See* Cal. Civ. Code § 1785.25. JPMorgan moves to dismiss this claim because any communication JPMorgan made to a credit reporting agency would be privileged under California Civil Code section 47(c). Doc. No. 5 at 4-5. JPMorgan argues section 47(c) makes privileged any communication made "without malice, to a person interested therein, (1) by one who is also interested, or . . . (3) who is requested by the person interested to give the information." The cases JPMorgan cites in support of its argument involve libel actions, not cases brought under a statute that specifically addresses the provision of "incomplete, inaccurate or disputed information" to credit reporting agencies. JPMorgan's argument would eviscerate the CCRAA, since by definition, entities that furnish information to credit reporting agencies will always engage in "communication" to another person "interested therein" or provide information "requested by the person." Cal. Civ. Code § 1785.25. The parties have not cited and the Court has not found any published case addressing the potential conflict between the CCRAA and the privilege afforded by section 47(c),

5

but both federal and state courts have concluded that the litigation privilege afforded by section 47(b)(2) must cede to the more specific provisions of the CCRAA. *See, e.g., Johnson v. JP Morgan Chase Bank*, 536 F. Supp. 2d 1207, 1211-12 (E.D. Cal. 2008) (where debt collection statute and litigation privilege conflict, the more specific debt collection statute prevails); *Schoendorf v. U.D. Registry, Inc.*, 97 Cal. App. 4th 227, 243 (2002) (to the extent that the CCRAA cannot be reconciled with the litigation privilege, the CCRAA, being more specific, prevails over the more general litigation privilege). To the extent the CCRAA and section 47(c) are in conflict, the more specific statute must prevail here as well.

Moreover, Riese alleges JPMorgan knew the report it made to the credit agencies was false. Compl., ¶¶ 10, 12. Section 47(b) therefore would not bar this claim at the pleading stage because "[t]here can be little question that the privilege [of section 47(b)] is lost if defendant published the article with knowledge of its falsity." *Roemer v. Retail Credit Co.*, 3 Cal. App. 3d 368, 371-72 (1970) ("If the defamatory statement was known to the maker to be false when published the implication of malice would, save in remotely possible circumstances not even suggested here, be apparent to laymen as well as lawyers").

JPMorgan's motion to dismiss Riese's CCRAA claim is denied.

**D.      Riese States A Claim For Intentional Infliction Of Emotional Distress.**

To state a claim for intentional infliction of emotional distress ("IIED"), Riese must allege that JPMorgan's conduct was so outrageous "as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982). Merely pursuing one's economic interest does not qualify as "outrageous conduct" that supports a claim for IIED. *See Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 396 (1970). On that basis, JPMorgan seeks to dismiss the IIED claim because commencing foreclosure proceedings was "nothing more than the pursuit of an economic interest." Doc. No. 5 at 6. But Riese does not base his IIED claim on the commencement of foreclosure proceedings alone. Riese alleges that JPMorgan "knowingly, intelligently, and falsely reported delinquent payments regarding loan #4680" (Compl. ¶ 10), claimed to have notified credit agencies that the loan had been paid in full but then continued to report delinquencies on that loan and did not correct the erroneous reports to credit

6

agencies (Compl. ¶¶ 11, 12), and then began foreclosure proceedings based on its contention that Loan #4680 was delinquent when in fact JPMorgan had acknowledged the loan was paid off (Compl. ¶¶ 7, 11). Riese further alleges he notified JPMorgan of its error through "numerous" phone calls, emails, letters and faxes. Compl. ¶ 13. While JPMorgan could pursue its economic interest and commence foreclosure proceedings, it was required to assert its legal rights "in a permissible way and with a good faith belief in the existence of the rights asserted." *Fletcher*, 10 Cal. App. 3d at 396. Here, Riese alleges both that JPMorgan did not have a good faith belief in the existence of the right asserted and asserted its right in an impermissible way. A reasonable trier of fact could conclude these allegations, if proven, constitute outrageous conduct. JPMorgan's motion to dismiss the IIED claim is denied.

### E. Riese Fails To State A Claim For Violation Of The Federal Fair Credit Reporting Act.

The federal Fair Credit Reporting Act ("FCRA") imposes duties on lenders, like JPMorgan, who furnish information to reporting agencies. *See* 15 U.S.C. § 1681s-2. The FCRA provides a private right of action for consumers who have been injured by furnishers of information who fail to perform the duties required by the statute. *See* 15 U.S.C. §§ 1681n, 1681o. That private right of action, however, is limited to the duties imposed by section 1681s-2*(b)*, and is only triggered when a furnisher receives notice from a credit reporting agency that the consumer disputes the information. *See* 15 U.S.C. § 1681s-2(c), (d); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). The duties imposed by section 1681s-2*(a)*, which Riese refers to in his Opposition, are only enforceable by state or federal agencies. 15 U.S.C. § 1681s-2(c)(1), (d); *Gorman*, 584 F.3d at 1154. Moreover, a consumer's direct complaint to the furnisher is insufficient to trigger the private right of action that is available to enforce section 1681s-2(b). *Gorman*, 584 F.3d at 1154. Riese alleges he complained to JPMorgan that a false report had been made. *See* Compl. ¶ 11; *see also* Doc. No. 11 at 4 (JPMorgan "was advised" of the false report). Riese does not allege that a credit reporting agency notified JPMorgan of a dispute.

Because neither a consumer complaint nor actual awareness of a false report to a credit reporting agency triggers a private right of action under FCRA, the Court grants JPMorgan's motion

7

to dismiss this claim, with leave to amend. *See Gorman*, 584 F.3d at 1154. The Court notes that while Riese may cure this particular deficiency by alleging that JPMorgan received notice of the dispute from a credit reporting agency, to state a claim under FCRA, he also must be able to allege truthfully that after the agency notified JPMorgan of the dispute, JPMorgan failed to perform its statutory duties, and that Riese subsequently was injured as a result of that failure. *See* 15 U.S.C. §§ 1681s-2(b), 1681n, 1681o.

### F. Riese Fails To State A Claim For Violation Of The Federal Fair Debt Collection Practices Act.

In its Notice of Removal, JPMorgan asserted jurisdiction was proper in this Court because "Plaintiff alleges Defendant has violated, among other things, the following federal statutes: Federal Collection Practices, 15 U.S.C. § 1692, *et seq*." Doc. No. 1 at 2. JPMorgan's present contention that the claim is "vague and unintelligible" (Doc. No. 5 at 8, Doc. No. 10 at 5) accordingly is puzzling. Riese acknowledges in his Opposition that he did not specify the section of the statute under which he was proceeding in the Complaint, and clarifies that he is alleging a violation of 15 U.S.C. § 1692(b). Nonetheless, because the Complaint does not specifically mention the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(b), JPMorgan's motion to dismiss the claim is granted, with leave to amend.

## CONCLUSION

For the reasons described above, the Court rules as follows:

(1) the Court GRANTS JPMorgan's motion to dismiss Riese's Second Claim for Injunctive Relief and his Fourth Claim for Specific Performance, with prejudice. Riese may seek to recover these types of relief by including them in his Prayer for Relief, but they are not separate causes of action.

(2) the Court GRANTS JPMorgan's motion to dismiss Riese's Sixth Claim for violation of the federal Fair Credit Reporting Act and his Seventh Claim for violation of the federal Fair Debt Collections Practices Act, with leave to amend. Riese may be able to state a claim for violation of the FCRA if he truthfully can allege JPMorgan received notice of the dispute from a credit reporting agency, that after the agency notified JPMorgan of the dispute JPMorgan failed to perform its

8

statutory duties, and that Riese subsequently was injured as a result of that failure. Riese may state a claim for violation of FDCPA by specifying the section under which he is seeking relief, 15 U.S.C. § 1692(b).

(3) the Court DENIES JPMorgan's motion to dismiss Riese's First Claim for breach of contract, his Third Claim for violation of the California CCRAA, and his Fifth Claim for intentional infliction of emotional distress.

The Court also GRANTS JPMorgan's Request for Judicial Notice. Doc. No. 6.

IT IS SO ORDERED.

Dated: September 13, 2011

NANDOR J. VADAS
United States Magistrate Judge

9